UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SAMPSON; and LESLIE SAMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 19-cv-1663-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are 1) the Motion for Leave to Amend Complaint (ECF No. 11); and 2) the Motion to Remand (ECF No. 12) filed by Plaintiffs John Sampson and Leslie Sampson.

**I.  BACKGROUND**

On July 30, 2019, Plaintiffs John Sampson and Leslie Sampson initiated this action by filing a Complaint against Defendant Subaru of America, Inc. ("Subaru") and Does 1 through 10 in the Superior Court for the State of California, County of San Diego. (ECF No. 1-3). Plaintiffs allege that Subaru manufactured or distributed a defective Subaru Outback, failed to repair the vehicle, failed to provide sufficient service literature or parts

to repair facilities, breached an express warranty, and breached the implied warranty of merchantability. Plaintiffs bring claims against Subaru for 1) violation of California's Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790 *et seq.*; and 2) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq*. Plaintiffs seek damages, restitution, civil penalties, attorneys' fees, costs, interest, and other relief as the Court may deem proper. On August 30, 2019, Subaru removed the action to this Court based on federal question jurisdiction over the MMWA claim and supplemental jurisdiction over the state law claims. (ECF No. 1).

On September 30, 2019, Plaintiffs filed 1) a Motion for Leave to Amend Complaint (ECF No. 11); and 2) a Motion to Remand (ECF No. 12). On October 18, 2019, Subaru filed Responses in Opposition to Plaintiffs' Motions. (ECF Nos. 20, 21). On October 25, 2019, Plaintiffs filed Replies. (ECF Nos. 23, 24).

## II. MOTION FOR LEAVE TO AMEND

Plaintiffs seek leave to amend the Complaint to 1) dismiss the MMWA claim with prejudice; and 2) join Kearney Mesa Hyundai Subaru ("KMHS") as a defendant.

### a. MMWA Claim

Plaintiffs contends that the Court should allow Plaintiffs to amend the Complaint to dismiss the MMWA claim with prejudice "because none of the factors militating against amendment, such as undue delay, bad faith, futility, or undue prejudice to Defendant, are present." (ECF No. 11 at 2). Subaru "does not object to plaintiffs' proposed dismissal of their Magnuson-Moss claim with prejudice." (ECF No. 20 at 2).

Rule 15 of the Federal Rules of Civil Procedure provides that, after the time for amendment "as a matter of course" has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). A court "should freely give leave when justice so requires." *Id.* District courts consider several factors in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
2

19-cv-1663-WQH-BLM

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile . . . . Additionally, the district court may consider the factor of undue delay . . . . Undue delay by itself, however, is insufficient to justify denying a motion to amend.") (citation omitted). "Not all of the [*Foman*] factors merit equal weight . . . . [T]he consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Subaru does not oppose Plaintiffs' Motion for Leave to Amend to dismiss the MMWA claim. There has been no showing that any of the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* Plaintiffs' Motion for Leave to Amend the Complaint to dismiss the MMWA claim with prejudice is granted.

### b. Joinder of KMHS

Plaintiffs contend that KMHS is a "diversity-destroying defendant." (ECF No. 11-1 at 8). Plaintiffs contend that, because they seek to add a diversity-destroying defendant, the Court should analyze their request to amend the Complaint to join KMHS pursuant to 28 U.S.C. § 1447(e), rather than Rule 15. Plaintiffs contend that, under § 1447(e), the Court should allow joinder of KMHS because KMHS is a necessary party to the adjudication of this case. Plaintiffs contend that they promptly moved for joinder. Plaintiffs contend that

they allege valid claims against KMHS. Plaintiffs contend that they do not seek to join KMHS "solely to defeat jurisdiction." (*Id.* at 14). Plaintiffs contend that denial of the request for joinder would prejudice Plaintiffs because they would be forced to file a separate state court action against KMHS.

Defendants contend that Plaintiffs were dilatory in seeking amendment. Defendants contend that KMHS is not a necessary or indispensable party. Defendants contend that Plaintiffs are "seeking to join a party solely to destroy diversity of citizenship, [and] that factor alone can be dispositive." (ECF No. 20 at 5).

Motions for leave to amend a complaint are generally analyzed under Federal Rule of Civil Procedure 15. Amendments that destroy a court's diversity jurisdiction, however, are analyzed under 28 U.S.C. § 1447(e). Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

"Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). For the purposes of determining diversity of citizenship, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of "every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C.

§ 1332(c)(1). "The natural person's state of citizenship is [ ] determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In the Complaint and proposed Amended Complaint, Plaintiffs allege that they are "residents of San Diego County, California." (ECF No. 1-3 ¶ 2; ECF No. 11-4 ¶ 2). Plaintiffs allege that Subaru "is a corporation organized and in existence under the laws of the State of Delaware and registered . . . to conduct business in California." (ECF No. 1-3 ¶ 4; ECF No. 11-4 ¶ 4). In the proposed Amended Complaint, Plaintiffs allege that KMHS is "an unknown business entity organized and in existence under the laws of the State of California." (ECF No. 11-4 ¶ 5). Subaru does not allege any facts regarding its citizenship or Plaintiffs' citizenship in the Notice of Removal. The Court cannot determine Plaintiffs, Subaru, or KMHS's citizenship from the allegations in the Complaint, proposed Amended Complaint, or Notice of Removal. The Court cannot conclude it has diversity jurisdiction in this case or that KMHS would be a "diversity destroying defendant." *Newcombe*, 157 F.3d at 691. The Court analyzes the proposed amendment joining KMHS as a defendant under the general rule governing amendment of pleadings in Rule 15 rather than § 1447(e).

Pursuant to Rule 15, the *Foman* factors weigh in favor of allowing amendment. Only two months elapsed between the time Plaintiffs filed the Complaint and filed the Motion to Amend. This case is still in the early stages of litigation. The Parties have not filed any motions, aside from the currently pending Motions. KMHS is directly related to Plaintiffs' claims, because Plaintiffs allege that KMHS sold the vehicle to Plaintiffs and serviced it. There has been no showing that any of the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. Plaintiffs' Motion for Leave to Amend the Complaint to add KMHS as a defendant is granted.

### III. MOTION TO REMAND

Plaintiffs move the Court to remand this action to state court. Plaintiffs contend that dismissal of the MMWA claims divests the Court of federal question jurisdiction, and no grounds exist to exercise supplemental jurisdiction over the remaining state law claims.

Plaintiffs further contend that removal was improper because Subaru did not meet its burden of establishing the amount in controversy under the MMWA.

Subaru contends that the Court had federal question and supplemental jurisdiction at the time of removal. Subaru contends that eliminating the basis for the court's federal question jurisdiction by amending the Complaint does not compel remand. Subaru contends that the amount in controversy on the MMWA claim exceeds $50,000 as required by 15 U.S.C. § 2310(d)(3)(B), because Plaintiffs seek reimbursement in the amount of $42,485, incidental and consequential damages, and civil penalties of two times their actual damages. Subaru contends that the Court still has supplemental jurisdiction over Plaintiffs' remaining state law claims. Subaru contends the Court should not remand the case because Plaintiffs attempt "to manipulate the forum by dismissing federal claims in order to get back to state court." (ECF No. 21 at 6).

A court's jurisdiction "must be analyzed on the basis of the pleading filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1029, 1213 (9th Cir. 1998). "Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009); *see* 28 U.S.C. § 1441(a). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A party can challenge removal based on lack of subject matter jurisdiction through a motion to remand. 28 U.S.C. § 1447. There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the MMWA,

a consumer "may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States" so long as the amount in controversy is at least $50,000, "computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d). Federal courts have supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quotation omitted).

A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Even assuming that Subaru properly removed this action on the basis of federal question jurisdiction, the federal claim has been dismissed.[1] The remaining claims are based on violations of California law. The Court, therefore, has discretion to decline to exercise supplemental jurisdiction over the state law claims. *Id.* This case is in the early stages. Plaintiffs' Motion for Leave to Amend was the first noticed motion in this case. *See Baddie v. Berkeley Farms*, 64 F.3d 487, 491 (9th Cir. 1995) (holding that plaintiff was

---

[1] The Court does not decide whether this action was properly removed.

7

19-cv-1663-WQH-BLM

entitled to file an amended complaint dismissing federal claim and move for remand, stating that "[i]f the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum"). The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims under § 1367(c). Plaintiffs' Motion to Remand is granted.

IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 11) is GRANTED. Plaintiff's claim for violation of the Magnuson-Moss Warranty Act is DISMISSED WITH PREJUDICE. Plaintiffs' Motion to Remand (ECF No. 12) is GRANTED. This action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2019-00039617-CU-BC-CTL.

Dated: November 13, 2019

Hon. William Q. Hayes
United States District Court